PRIEST *v.* GLENN.

GLENN *v.* PRIEST.

*(Circuit Court of Appeals, Eighth Circuit. June 13, 1892.)*

Nos. 77, 78.

1. CORPORATIONS—ACTIONS FOR ASSESSMENTS—EVIDENCE OF SUBSCRIPTION.
   In an action against an alleged stockholder in the "National Express & Transportation Company," to recover an assessment on the stock, a contract of subscription to the stock of the "National Express Company" is admissible to prove the fact of subscription, when it appears that in the process of organization there was a change from the latter to the former name, and that defendant was entered on the stock books of the former as the owner of certain shares, which he afterwards assigned.

2. SAME—ASSESSMENTS—LIABILITY OF ASSIGNOR OF STOCK.
   Under Code Va. 1860, tit. 18, c. 57, and Code 1873, c. 57, an assignor of shares in a corporation remains liable for the unpaid portions of the stock, though the assignee also becomes liable. *Hamilton* v. *Glenn*, 9 S. E. Rep. 129, 85 Va. 901; *McKim* v. *Glenn*, 8 Atl. Rep. 130, 66 Md. 479; and *Hambleton* v. *Glenn*, 20 Atl. Rep. 115, 72 Md. 331,—followed.

3. SAME—LIMITATION.
   The rule that a stockholder is not liable to suit for unpaid portions of the capital stock until an authorized call or assessment has been made upon the stock held by

him applies also to a stockholder who has assigned his stock, and limitation begins to run in his favor, not from the date of the assignment, but from the maturity of the assessment.

4. RECORDS AS EVIDENCE.

A plaintiff who uses the record of another court in a different case as evidence is not bound to introduce the whole record, but only so much as sustains the issues in his behalf; and, if the record contains matter of defense, it is for defendant to introduce the same.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Action by John Glenn, trustee of the National Express & Transportation Company, against John G. Priest, to recover an assessment on the stock of said company. Judgment for plaintiff, allowing interest from the commencement of the suit. 47 Fed. Rep. 472. Subsequently a motion for a new trial was denied. 48 Fed. Rep. 19. Both parties bring error. Affirmed.

*W. H. Clopton,* (*C. H. Krum,* on the brief,) for plaintiff in error, Priest.
*T. K. Skinker,* for defendant in error, Glenn.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SHIRAS, District Judge. This action is another one of the many suits brought by John Glenn, as trustee appointed by the chancery court of the city of Richmond, in a proceeding instituted in that court on behalf of creditors against the National Express & Transportation Company, for the purpose of collecting from the stockholders of such corporation assessments made upon the shares of the capital stock by decrees entered by the Richmond chancery court and the circuit court of Henrico county, Va. For a full statement of the facts connected with the litigation reference may be made to the case of *Liggett* v. *Glenn,* 51 Fed. Rep. 381, (decided at the present term of this court.) It may be further stated that, since the preparation of the opinion in that cause, the decision of the supreme court of the United States in *Glenn* v. *Marbury,* 12 Sup. Ct. Rep. 914, has been furnished us in the advance sheets issued by the clerk, which decision finally settles several of the questions presented by the writs of error in the several cases pending in this court, wherein Glenn, trustee, is a party.

By the rulings made by the supreme court in *Hawkins* v. *Glenn,* 131 U. S. 319, 9 Sup. Ct. Rep. 739; *Glenn* v. *Liggett,* 135 U. S. 533, 10 Sup. Ct. Rep. 867; and *Glenn* v. *Marbury,* 145 U. S. 499, 12 Sup. Ct. Rep. 914,—it has been determined that the chancery court of the city of Richmond and the circuit court of Henrico county, Va., had jurisdiction of the creditors' bill filed by W. W. Glenn, and upon his death revived by other parties; that the proceedings had in the United States circuit court for the eastern district of Virginia, in the suit of *Reynolds* v. *National Exp. & Transp. Co.,* did not affect the jurisdiction of the state courts above named over the case pending before them, nor invalidate the assessments made by said courts on the capital stock of said corporation; that the stockholders are deemed to be privy to the pro-

ceedings taken against the corporation, in such sense that they are bound by the decrees ordering the calls upon the capital stock, and cannot, in the actions at law brought to enforce payment of the assessments made, question the validity of the calls thus made; that the statute of limitations of the state wherein the defendant resides did not begin to run against the rights asserted by the trustee until the calls for the 30 and 50 per cent. assessments upon the capital stock had matured.

The first question presented by the assignment of errors in this cause is whether the trial court rightly admitted in evidence the stock subscription signed by the plaintiff in error, which reads as follows: "We, the undersigned, hereby subscribe the amount and the number of shares opposite our names to the stock of the National Express Company." The contention is that this does not show a subscription to the stock of the National Express & Transportation Company. In the absence of explanatory evidence, showing the identity of the company described under two names, this objection might be well taken. It does not appear that there were two corporations in fact, but only that in the process of organization there was a change in the corporate name. It also appears that the plaintiff in error was entered on the stock books of the National Express & Transportation Company as the owner of 50 shares in that company, which he subsequently assigned to other parties. Under these circumstances, the exception to the admissibility of the stock subscription is without merit.

The next point urged is that it was error to admit in evidence what purported to be a transcript of proceedings had in the chancery court of the city of Richmond in the case of *Glenn's Adm'r* v. *Express Co.*, because it did not appear that the same contained the entire record in that cause. All parts of the proceedings in that case which were essential to support the issues on behalf of the trustee in this cause were included in the transcript objected to, and we can conceive of no good purpose that would have been subserved by the introduction of wholly irrelevant matter. If there were portions of the record of value to the defendant below, it was open to him to introduce the same; and therefore the objection urged to the record introduced, that it was partial only, cannot be sustained, when it is not pointed out that any part of the record omitted was necessary to sustain the issues on behalf of the plaintiff below.

The claim made that in this case the defendant below was entitled to be informed, by the record offered in evidence of the disposition made by the trustee of the moneys collected by him, and touching any compromises made with other stockholders under the authority of the courts in Virginia, does not seem well founded. These are matters under the control of the court having charge of the business of winding up the affairs of the company; but if this be not the case, still these facts are matters of defense, and it was not incumbent upon the plaintiff below to introduce evidence thereon, even though it might form part of the proceedings had in the chancery case pending in the Virginia courts.

It is next claimed that the trial court erred in holding that the statute

of limitations of the state of Missouri did not begin to run in favor of the defendant below until the date of the assessments made by the chancery court of Richmond and the circuit court of Henrico county, upon the ground that the defendant assigned his stock to other parties in 1886, such assignment being entered upon the books of the corporation, and therefore, as to him, the statute began to run from the date of the assignment, and not from the dates of the decrees ordering the calls upon the stock. It has been settled that, under the provisions of the statute of Virginia, (Code 1860, tit. 18, c. 57, and Code 1873, c. 57,) an assignor of shares in a corporation remains liable for the unpaid portions of the stock assigned, although the assignee becomes also liable. *Hamilton* v. *Glenn*, 85 Va. 901, 9 S. E. Rep. 129; *McKim* v. *Glenn*, 66 Md. 479, 8 Atl. Rep. 130; *Hambleton* v. *Glenn*, 72 Md. 331, 20 Atl. Rep. 115. It is likewise settled that a stockholder is not liable to suit for the unpaid portions of the capital stock held by him until an authorized call or assessment has been made upon the stock. *Scovill* v. *Thayer*, 105 U. S. 143; *Hawkins* v. *Glenn*, 131 U. S. 319, 9 Sup. Ct. Rep. 739. A cause or right of action did not, therefore, arise against the plaintiff in error upon his liability to respond to calls lawfully made for the portions of the stock remaining unpaid when he assigned the same until the 30 and 50 per cent. assessments upon the stock came due under the terms of the decrees authorizing the same, and, necessarily, the statute of limitations did not begin to run until the right of action had been called into being. The fact that the defendant below had assigned his stock does not change the rule in this respect. Under the provisions of the statute of Virginia, the assignor remains liable to respond to all lawful calls upon the stock assigned by him. The fact that he has assigned the same does not, however, create a right of action against him for the unpaid portion of the stock. Neither the corporation, nor a court acting in its place, can call upon him for payment, except by virtue of a general assessment made equally upon all the shares of stock. The statute of limitations of the state of Missouri certainly cannot bar the right of a Virginia corporation to make assessments upon its capital stock, or of a court of Virginia to do so in place of the corporation, when the affairs of the company are being wound up by due process of law. When the cause of action was created against the defendant by the making the assessment, then, and not till then, the statute of Missouri began to run in favor of the defendant, he being a citizen of that state, as against the cause of action created by the assessment. If the contention of plaintiff in error in this regard were well founded, we would have the anomaly presented of the rights of the corporation and its creditors being barred by the lapse of time, and yet no legal remedy existing for the enforcement of such rights during the time the statute was running. In our judgment, the ruling of the trial court, on this as well as the other questions involved in the cause, was correct, and the judgment is therefore affirmed.

By the writ of error taken by the plaintiff below there is presented the question of when interest became assessable upon the calls made

upon the stock. The record is the same as that considered in *Liggett* v. *Glenn*, 51 Fed. Rep. 381, and for the reasons therein stated the judgment of the court below must be sustained. Affirmed.