RAGSDALE, APPELLANT, *v.* BOTHMAN ET AL., RESPONDENTS.

(No. 6,226.)

(Submitted January 10, 1928. Decided January 31, 1928.)

[263 Pac. 972.]

*Promissory Notes—Defense of Bankruptcy—Trial Procedure —Burden of Proof—Evidence—Judicial Records—Material Portions Only Need be Introduced—Notice to Creditors— Bankruptcy Court—Jurisdiction—Presumption.*

Promissory Notes—Defense of Bankruptcy—Evidence—Burden of Proof.
   1. In an action on a promissory note in which the defense was that the maker had been absolved from payment by reason of

———

1. Burden of proof as to operation of discharge as to claim, see note in 2 A. L. R. 1672.

[81 Mont. 408.]

his discharge in bankruptcy, *held* that after defendant had made out a prima facie case by the introduction in evidence of the order of his discharge, the burden was cast upon plaintiff to show that the discharge was not operative as to his claim on the ground, inter alia, that his claim had not been scheduled by the bankrupt, whereupon defendant had the burden of proving that plaintiff had notice or actual knowledge of the proceedings in bankruptcy in time for him to present his claim for proof and allowance.

Bankruptcy—Effect of Failure of Bankrupt to Schedule Name of Creditor.

2. Failure of one petitioning for his release from payment of his debts under the federal Bankruptcy Act, to schedule the name and address of a creditor in the schedule of his liabilities as required by the Act, deprives him of protection by his discharge from action by the creditor, unless he can show that the creditor had either notice or actual knowledge of the bankruptcy proceeding, the provisions of the law being for the benefit of creditors, not of the debtor.

Same—Rules and Forms of Bankruptcy Court have Force of Law.

3. The rules, schedules and forms prescribed by the supreme court of the United States, under provision of Congress, necessary for carrying out the purposes of the Bankruptcy Act, must be followed substantially; they have the force and effect of law.

Same—Bankruptcy Court—Jurisdiction—Presumption.

4. The presumption is that the federal court in discharging a debtor in bankruptcy had jurisdiction of the matter and that the proceedings were regular.

Same—Evidence—Material Portions Only of Bankruptcy Record Need be Introduced by Creditor in Action Against Bankrupt.

5. Under the rule that a party is not required to introduce in evidence the whole record in a judicial proceeding where all of it cannot have any bearing upon the matter in issue, but that if the record is divisible into distinct parts, only the material and relevant portions need be introduced, *held,* that where defendant in an action on a promissory note relied upon his discharge as a bankrupt, plaintiff was properly permitted to introduce a certified copy of the bankrupt's schedule of creditors filed in the bankruptcy court, to show that plaintiff's name was omitted therefrom, and was not required to introduce the entire record for the purpose of negativing the possibility that the bankrupt might have filed an amended schedule including plaintiff's claim.

Trial—Evidence—Introduction of Part of Record Entitled Adversary to Introduce Remainder.

6. Where one party has introduced in evidence only a part of a record, the other may introduce the remainder if it contains matter material to his side of the case.

Bankruptcy—Notice to Creditors must be Personal—Constructive Notice Insufficient.

7. The provision of the federal Bankruptcy Act that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as were not scheduled in time for proof and allowance unless the omitted creditor had notice or actual knowl-

2. Effect of discharge in bankruptcy upon claim omitted from schedule, see note in **Ann. Cas.** 1912A, 547. See, also, 4 **Cal. Jur.** 86.
7. See 4 **Cal. Jur.** 86.

edge of the bankruptcy proceedings, contemplates personal notice or actual knowledge; constructive notice being insufficient.

Same—Notice to Agent of Creditor by Insertion in Weekly Newspaper Ineffective.

8.   Under the last rule above, *held* that the mere fact that the agent of a creditor whose name did not appear upon the schedule of creditors filed by a bankrupt was a subscriber of a weekly newspaper in which an official notice appeared to the effect that a debtor of the agent's principal had been adjudged a bankrupt and that a meeting of his creditors would be held at the referee's office on a certain day to enable them to prove their claims, was insufficient to show notice or knowledge by imputation on the complaining creditor's part and therefore did not bar action on his claim.

---

[1]   Bankruptcy, 7 **C. J.**, sec. 735, p. 415, n. 63, p. 416, n. 65, 66. Bills and Notes, 8 **C. J.**, sec. 1357, p. 1045, n. 78.
[2]   Bankruptcy, 7 **C. J.**, sec. 721, p. 403, n. 46, p. 404, n. 50.
[3–6]   Bankruptcy, 7 **C. J.**, sec. 22, p. 27, n. 59; sec. 30, p. 36, n. 15; sec. 737, p. 416, n. 83.   Evidence, 22 **C. J.**, sec. 929, p. 816, n. 41, 45.
[7, 8]   Agency, 2 **C. J.**, sec. 542, p. 863, n. 88.

*Appeal from District Court, Stillwater County; H. J. Miller, Judge.*

ACTION by Thomas P. Ragsdale against Laura A. and John Bothman.   Judgment for defendants and plaintiff appeals.   Reversed, with direction to enter judgment for plaintiff.

*Mr. M. L. Parcells*, for Appellant, submitted a brief and argued the cause orally.

"As the discharge is for the benefit of the bankrupt, and as the omission of a claim from the schedule is due to his default, it is well settled that the burden is upon him to prove that the omitted creditor had the requisite notice or knowledge of the proceedings."   (*Armstrong* v. *Sweeney*, 73 Neb. 775, 103 N. W. 436; *Wineman* v. *Fisher*, 135 Mich. 604, 98 N. W. 404; *Collins & Toole* v. *Crews*, 3 Ga. App. 238, 59 S. E. 727; *Bailey* v. *Gleason*, 76 Vt. 115, 56 Atl. 537; *Lutz* v. *Kalmus*, 115 N. Y. Supp. 230; *Karter* v. *Fields*, 140 Ala. 352, 37 South. 204; *Smith* v. *Hill*, 232 Mass. 188, 2 A. L. R. 1667, and cases cited, 122 N. E. 310; affirmed, *Hill* v. *Smith*, 260 U. S. 592, 67 L. Ed. 420, 43 Sup. Ct. Rep. 219; *Sloan & Co.* v. *Grollman*, 113 Md. 192, Ann. Cas. 1912A, 544, 77 Atl. 577; *Birkett* v. *Columbia Bank,*

195 U. S. 345, 49 L. Ed. 231, 25 Sup. Ct. Rep. 38 [see, also, Rose's U. S. Notes]; *Calmen* v. *Moudry,* 137 Minn. 123, 162 N. W. 1076; *Bogart* v. *Cowboy State Bank* (Tex.), 182 S. W. 678; *Bartlett* v. *Taylor,* 209 Mo. App. 612, 238 S. W. 141; *Custard* v. *Widgerson,* 130 Wis. 412, 10 Ann. Cas. 740, 110 N. W. 263; *Popejoy* v. *Diedrich,* 68 Colo. 383, 189 Pac. 841; 3 R. C. L., 336, sec. 155; 7 Corpus Juris, 414, sec. 733; Collier on Bankruptcy, 13th ed., p. 633.)

"The entire proceedings in a bankruptcy case are not regarded as constituting an integral record; the copies of such papers as in any way relate to the matter in question certified to be such are admissible without other parts of the proceeding." (Abbott's Trial Evidence, 3d ed., p. 42; *Michener* v. *Payson,* 17 Fed. Cas. No. 9524, 13 Nat. Bankr. Reg. 50; *Ransom* v. *Wheeler,* 12 Abb. Pr. (N. Y.), 139; see, also *McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792.)

*Messrs. Brown, Wiggenhorn & Davis,* for Respondents, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

The appellant by his complaint has averred affirmatively a cause of action for the recovery of money due upon the promissory notes offered and received in evidence. So far as the respondent's plea of bankruptcy is concerned, the latter has thereby in the words of the Massachusetts court (*Smith* v. *Hill,* 232 Mass. 188, 122 N. E. 310), "instead of producing proof which would go to negative the same proposition of fact" advanced by the appellant under the allegations of his complaint, proposed to show another and distinct proposition which would avoid the effect of the appellant's proof first adduced. So far as his discharge in bankruptcy may be involved in this action, the respondent has not sought to negative the appellant's evidence of the cause of action set up in the complaint, but rather to avoid that cause of action by proof of another and distinct fact, which, if sustained, bars the appellant's recovery. It follows that at the outset of this trial the burden of proof as well as the burden of going forward with the evidence rested upon the appellant; thereafter a prima facie case having been

made by the appellant's evidence, the burden of proof as well as the burden of presenting evidence under the plea of bankruptcy shifted to the respondent. From that point to the conclusion of the trial the first burden, that of proving his plea, remained with the respondent. The second burden, however, that of producing testimony, shifted from time to time from the respondent to the appellant, and from the appellant to the respondent, accordingly as the one or the other had by his proof made out a prima facie case such that if his adversary offered no further evidence to the contrary he would prevail.

Specifically after the appellant prima facie had disclosed a right to recover under the allegations of his complaint, the respondent offered in evidence a certified copy of his discharge in bankruptcy granted by the United States district court for the district of Montana. By this piece of evidence the respondent on his part prima facie made out a defense in bar of the appellant's cause of action such that if the appellant had offered no evidence to the contrary a verdict in favor of the respondent by direction of the court would have followed. (See sec. 21, subd. F, National Bankruptcy Act; Collier on Bankruptcy, 12th ed., 1921, pp. 443, 444, 495, 496, 510; *Hill* v. *Smith,* 260 U. S. 592, 67 L. Ed. 420, 43 Sup. Ct. Rep. 219; *Kreitlein* v. *Ferger,* 238 U. S. 21, 59 L. Ed. 1184, 35 Sup. Ct. Rep. 685; *Lafoon* v. *Kerner,* 138 N. C. 281, 50 S. E. 654; *Schweigert-Ewald Lumber Co.* v. *Bauman,* 42 N. D. 221, 172 N. W. 808; *Van Norman* v. *Young,* 228 Ill. 425, 81 N. E. 1060; 7 C. J. 415; note, 2 A. L. R. 1672, and cases cited.)

The appellant's attorney, however, offered evidence in rebuttal by which he assumed to show that the appellant's claim was not duly scheduled in the bankruptcy proceeding. If we assume for the purposes of argument here that the showing made was sufficient to establish that these notes had not in fact been duly scheduled, the burden of producing further testimony in refutation of the appellant's evidence in rebuttal passed again from the appellant to the respondent. The respondent failing to go further with his testimony must lose;

for if we assume that the appellant at this point had made a prima facie showing sufficient to except his debt from the respondent's discharge in bankruptcy, then this prima facie showing was sufficient, if uncontradicted and not overcome, to entitle him to a judgment at the hands of the court and jury.

The respondent did not, however, rest his case here. He immediately took up the burden thus imposed upon him by presenting testimony which established prima facie that J. M. Ragsdale, the plaintiff's father and agent in whose hands these notes had been left for collection by the appellant ever since August 8, 1922, had received actual and personal notice of the bankruptcy of the respondent and of the proceedings in connection therewith on or about September 13, 1923, seven days or more before the first meeting of the bankrupt's creditors, and in ample time for the appellant's claim to have been presented and allowed and for him to have participated in the management and distribution of the bankrupt's estate. Did the respondent by his testimony prima facie show that the plaintiff had the notice of the bankruptcy proceedings contemplated by section 17-a of the National Bankruptcy Act? We contend he did. (See *Atkinson* v. *Elmore,* 103 Mo. App. 403, 77 S. W. 492; *In re Beerman,* 112 Fed. 662; *Dight* v. *Chapman,* 44 Or. 265, 65 L. R. A. 793, 75 Pac. 585; *Bank of Wrightsville* v. *Four Seasons,* 21 Ga. App. 453, 94 S. E. 649; *Oregon Steamship Co.* v. *Otis,* 100 N. Y. 446, 53 Am. Rep. 221, 3 N. E. 485; *Town of Barnet* v. *Town of Norton,* 90 Vt. 544, 99 Atl. 238; *Omaha* v. *Yancey,* 91 Neb. 261, 135 N. W. 1044; *Whitney Wagon Works* v. *Moore,* 61 Vt. 230, 17 Atl. 1007.)

In his brief the appellant makes the point that the notice or actual knowledge, contemplated by the bankruptcy statute, is "actual personal notice of some sort to the creditor as distinguished from mere imputed knowledge." We do not concede this broad statement, thus made in the abstract, to be the law; but on the other hand we do urge that actual personal notice of the respondent's bankruptcy was prima facie brought home in this case to the plaintiff's agent, entirely within the definition of "notice or actual knowledge" urged

by the appellant's counsel. For perhaps the best statement
by a court of last resort of what is "notice" and what is "actual knowledge," see *Jones* v. *Walter*, 115 Ky. 556, 74 S. W.
249, where it was sought to enjoin the defendant from enforcing a judgment in his favor against the plaintiff, who alleged
that the debt had been discharged in bankruptcy. The language of the Kentucky court, and we think of the statute as
well, clearly comprehends that the printed and published notice
of the first meeting of the bankrupt's creditors may in fact,
through the medium of the newspaper in which publication is
had, come directly and personally to the hand of the creditor,
or, for that matter, his agent. In such case such notice is
actual, personal and effectual for all purposes to bar the claim
of the creditor. (See, also, Collier on Bankruptcy, 12th ed.,
1921, p. 443; *Morrison* v. *Vaughan,* 119 App. Div. 184, 104
N. Y. Supp. 169.)

Another question presented on the record is whether the
proof made by the appellant in any event shows that his claim
was not duly scheduled in the bankruptcy proceedings.

It is a universal rule that where the contents of a judicial
record are in question the whole of such record, or the whole
of such part of such record as may be material, must be produced or accounted for. (See 4 Wigmore on Evidence, 2d ed.,
sec. 2108, p. 500 et seq.; 22 C. J. 815, and cases cited in
notes.) The corollary of this rule that where a part of a
record only is required that part alone need be produced in
nowise detracts from the rule of completeness, referred to by
Professor Wigmore in his treatise to which reference is made
above, which demands that any such part so offered must be
complete and entire in itself.

In the case at bar it is of vital importance to the appellant
to establish that his claim was not scheduled in the bankruptcy
court. To prove this fact he relies upon his right to offer
a part of the proceedings in the bankruptcy court in evidence.
That part of his record which he must offer to prove his point
is a certified copy, not of a part of the schedules, but of all the
schedules filed. Yet the record in this case discloses affirma-

tively that the appellant has chosen to produce certified copies of but five schedules, "included in the original petition and schedules" filed in the United States court in this matter; and as indicated above, the certificate of the clerk affirmatively discloses on its face further that this evidence does not pretend to be a copy of all the schedules thus filed. The appellant has not shown that in none of the schedules in this proceeding is his claim duly scheduled. He has in this particular failed to sustain the burden of overcoming the prima facie effect of the respondent's discharge in bankruptcy, which is that the notes sued upon in this case were regularly scheduled. (*Jarecki Mfg. Co.* v. *McElwaine,* 107 Fed. 249.) We respectfully submit that the prima facie case made by the respondent has not been overcome, and that upon the record thus made the direction of a verdict for the respondent by the trial court was clearly right.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an action upon certain promissory notes executed and delivered by Laura A. Bothman and John Bothman to Ragsdale & Company, indorsed to the plaintiff. The plaintiff's complaint is substantially the ordinary one in such case. In his answer, defendant John Bothman admitted the execution of the notes and nonpayment but pleaded that he had been absolved from payment by reason of his discharge in bankruptcy. Plaintiff replied alleging that the obligations sued upon were expressly excepted from the operation of the discharge for the reason that they were not scheduled as liabilities by the defendant, and further that the plaintiff did not have notice or actual knowledge of the bankruptcy proceeding in time to prove the claims.

The defendant Laura A. Bothman admitted all the allegations of plaintiff's complaint except as to the indorsement and delivery of the notes by Ragsdale & Company to plaintiff. She did not testify. We shall refer to John Bothman as the defendant hereafter in this opinion.

At the trial the plaintiff introduced the notes in evidence and rested. The defendant introduced a certified copy of his discharge in bankruptcy, dated September 24, 1924, and rested. The plaintiff then offered in evidence what is designated as Exhibit No. 10, purporting to be a certified and authenticated copy of Schedules A, A(1), A(2), A(3), A(4) and A(5) in the *Matter of John Bothman, Bankrupt,* No. 3679, in the district court of the United States for the district of Montana, being the same action referred to in the decree of discharge. Neither plaintiff nor Ragsdale & Company are mentioned in the schedules. The notes were indorsed to plaintiff before the defendant filed his petition in bankruptcy.

The plaintiff testified that he had not received any knowledge or notice of the fact that the defendant had filed a petition in bankruptcy and knew nothing of that fact until after he had begun this action, which was after the decree of discharge was entered. The defendant then undertook to show that plaintiff's agent had notice of the pendency of the bankruptcy proceedings in time to have presented plaintiff's claim for allowance. At the conclusion of the evidence the court directed a verdict for defendants upon which judgment was entered. The plaintiff has appealed.

By introducing the notes in evidence with an admission of their nonpayment, followed by proof showing his purchase of the notes from, and their delivery to him by, Ragsdale & Company, the plaintiff made out a prima facie case.

The various Bankruptcy Acts provide in effect that a debt [1] shall not be discharged unless properly scheduled or unless the creditor has had notice or actual knowledge of the bankruptcy proceedings. Section 17(a) (3) of the Bankruptcy Act provides: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." (Chap. 541, 30 Stat. 550; United States Code, Annotated, sec. 35.)

When the defendant introduced in evidence a certified copy of his discharge in bankruptcy he made out a prima facie defense to plaintiff's cause of action.

The distinction between the burden of proof and the duty of going forward with the evidence in a case of this kind is stated excellently in *Smith* v. *Hill,* 232 Mass. 188, 2 A. L. R. 1667, 122 N. E. 310.

The preponderance of authority is to the effect that after a bankrupt has made out a prima facie case to a suit based upon a provable debt existing at the time of filing the petition in bankruptcy, by the introduction in evidence of the order of discharge in bankruptcy, the burden is then cast upon the plaintiff to show that the discharge is not operative as to his claim. (Annotation to *Smith* v. *Hill,* supra, p. 1673, and cases cited.) This the plaintiff may do by showing that his claim was not scheduled, and that being shown it then becomes incumbent upon the defendant to prove that the plaintiff had notice or actual knowledge of the proceedings in bankruptcy in time for him to present his claim for proof and allowance. (*Smith* v. *Hill,* supra, affirmed in *Hill* v. *Smith,* 260 U. S. 592, 67 L. Ed. 420, 43 Sup. Ct. Rep. 219; *Calmenson* v. *Moudry,* 137 Minn. 123, 162 N. W. 1076; Remington on Bankruptcy, sec. 3578.)

If one omits from his schedule the name and address of a [2] creditor the law "attaches a punitive consequence." It is that he will not be protected by the discharge in bankruptcy from a suit brought by the creditor, unless he shows that the creditor had either notice or actual knowledge of the bankruptcy proceeding. The provisions of the law "are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding without penalty to him. It is easy to see

what results such looseness would permit—what preference could be accomplished and covered by it." (*Birkett* v. *Columbia Bank*, 195 U. S. 345, 49 L. Ed. 231, 25 Sup. Ct. Rep. 38.)

When the plaintiff, to obviate the force of the prima facie [3–6] case made by the defendant in introducing a certified copy of his discharge in bankruptcy, offered Exhibit 10, which consists of a certified copy of the schedule of creditors in bankruptcy filed by the defendant, objection was made to its admission upon the ground that "it is not either a certified or authenticated copy of all of the papers on file in the matter," and it did not appear that by some other schedule, amended or otherwise, the plaintiff was either named or his obligation listed. At the close of all the evidence counsel for defendant, evidently having in mind the objection lodged by him when Exhibit 10 was offered, moved to strike the document from the evidence, saying "it is incomplete and seeks to prove the condition of the judicial record by the offer of a certified copy of a portion only thereof," asserting that by reason of that fact the exhibit is hearsay, incompetent, irrelevant and immaterial.

Counsel did not assert that the schedules offered were in themselves incomplete; the objections indicate his theory to be that it was incumbent upon plaintiff to introduce the entire record of the bankruptcy proceeding. The court overruled the objection, but did not rule upon the motion to strike.

In the Bankruptcy Act Congress provided that the supreme court of the United States should prescribe all necessary rules, forms and orders as to procedure for carrying the Act into effect. (Bankruptcy Act, July 1, 1898, Chap. 541, 30 Stat. 554, sec. 30; United States Code, Annotated, Title II, sec. 53.) The forms prescribed must be followed substantially. They have the force and effect of law. (1 Collier on Bankruptcy, 13th ed., 918.)

An inspection of the official form which must be used by a debtor voluntarily seeking to be adjudged a bankrupt dis-

closes that his petition must consist of three parts: (a) a statement showing his occupation; that he has had his principal place of business, or has resided, or has had his domicile, for the greater portion of six months next immediately preceding the filing of his petition at some place within the judicial district; that he owes debts which he is unable to pay in full; that he is willing to surrender all of his property for the benefit of his creditors, except such as is exempt by law, and desires to obtain the benefit of the Acts of Congress relating to bankruptcy.

(b) A schedule marked A containing a full and true statement of all his debts and, so far as it is possible to ascertain, the names and places of residence of his creditors and such further statements concerning the debts as are required by the provisions of the Bankrupt Act. Schedule A embraces five subdivisions, A(1), A(2), A(3), A(4) and A(5).

(c) A schedule marked B containing a correct inventory of his property, both real and personal.

Each schedule is designed to be complete in itself without reference to the petition or the other schedule.

The bankrupt's debts must be included in one of the subdivisions of schedule A. No other place is provided for them. They cannot appear in the statement preceding schedule A, nor in schedule B.

An inspection of Exhibit 10 discloses that the defendant filled out the required schedules upon the official forms. As the federal court granted the defendant a discharge in bankruptcy it must be presumed that it had jurisdiction of the matter and that the proceedings were regular. (*Kreitlein* v. *Ferger*, 238 U. S. 21, 59 L. Ed. 1184, 35 Sup. Ct. Rep. 685.)

The assertion that it does not appear that by some other schedule, amended or otherwise, or by some other paper in the action, the plaintiff's debt was scheduled is a mere thrust in the dark, the suggestion of a possibility. Schedules, made out as required by law, which upon their face appear to be regular, are not to be denied admission in evidence because of the pos-

sibility that later on they might have been supplemented by amendment.

Clearly it was not necessary for the plaintiff to offer the complete record. The only papers pertinent to the inquiry were the schedules in which the bankrupt listed his creditors.

"The entire proceedings in a bankruptcy case are not regarded as constituting an integral record; the copies of such papers as in any way relate to the matter in question certified to be such, are admissible without other parts of the proceeding." (Abbott's Trial Evidence, 3d ed., p. 42; *Michener* v. *Payson,* 17 Fed. Cas. No. 9524; 13 Nat. Bankr. Reg. 49; *Ransom* v. *Wheeler,* 12 Abb. Pr. (N. Y.) 139.)

As this court said in *McDonnell* v. *Huffine,* 44 Mont. 411, 120 Pac. 792, whether a party offering a document must offer the whole of it in order to get a part into the record has been a fruitful subject of contention among courts and text-writers.

In 22 C. J. 815, we find the statement that if the whole record cannot have any bearing upon the matter in issue, the material and relevant portions of it are admissible alone. In some of the decisions the rule has been broadly stated that a party is required to introduce in evidence so much of the record only as is necessary to sustain the issues in his behalf, at least if the record is divisible into distinct parts. (*Haynes* v. *Cowen,* 15 Kan. 637; *Capital Bank* v. *Huntoon,* 35 Kan. 577, 11 Pac. 369; *O'Hara* v. *Mobile & Ohio R. Co.,* 76 Fed. 718; *Priest* v. *Glenn,* 51 Fed. 400; *Sutherland* v. *Gent,* 116 Va. 783, 82 S. E. 713; and see 4 Wigmore on Evidence, 2d ed., 2102.)

The foregoing seems a practical and sensible rule. If the remainder of the record in the nature of things cannot reasonably be expected to modify or change the effect of the portion offered in evidence, and the portion offered alone is material to the inquiry, it would seem useless to offer the nonessential parts. The curse of court records encumbered with irrelevant matter needs no comment. It is familiar to every court. It involves an economic waste which is gradually being eliminated

in modern practice. The rule is, it will be remembered, that where one party has introduced a part of the record it is open to the other to introduce the remainder if it contains matter material to his side of the case. (*McDonnell* v. *Huffine,* supra.) Generally speaking, it may be said that if the record offered in evidence is complete, that is to say, if in itself it tends to prove the point in issue without reference to, or aid from, other parts of the record, and it is properly identified and authenticated, it should be admitted.

Upon the condition presented by the record in the instant case, the subdivisions of schedule A were the only portion of the judicial record material to the point in controversy.

If it be urged that the entire petition in bankruptcy should have been offered upon the theory that schedule A is an integral part of the petition, the answer is that where the reason for the rule ceases the rule ceases. Why should not schedule A, complete in itself, be deemed admissible to prove a fact, without introducing also those parts of the petition which we have designated (a) and (c), which in their very nature cannot shed any light upon the point in controversy? As a matter of fact the petition is divisible into three parts, (a), (b) and (c).

Schedule A was properly identified and authenticated, and was entitled to admission in evidence, as the court ruled; and the court would not have been justified in sustaining the motion to strike. Plaintiff seems to have followed the exact course pursued in *Smith* v. *Hill,* supra.

In order to escape the force of the showing made by the [7, 8] plaintiff the defendant did not offer to prove that he had scheduled the debt but undertook to show, not that the plaintiff personally had either notice of actual knowledge, but that plaintiff's agent, who had possession of the notes for collection, had notice of the bankruptcy proceeding. There was not any attempt to show actual knowledge on part of the agent. The only proof offered was that he was a subscriber to a weekly paper in which the referee in bankruptcy under

date of September 10, 1923, gave notice to the creditors of John Bothman that on the eleventh day of August, 1923, Bothman had been adjudicated a bankrupt, and that the first meeting of his creditors would be held at the office of the referee in Billings on September 21, 1923, at 10 o'clock A. M., at which time the creditors might attend and prove their claims, appoint a trustee, examine the bankrupt and transact such other business as might properly come before the meeting. The notice was published in the issue of the paper of September 13, 1923, and the paper went to its different subscribers. A copy was received in the agent's mail-box, but it was not shown that he read the paper, and the record is barren of any evidence, direct or circumstantial, that his attention was called to the notice. Surely it will not be argued that it must be presumed as a matter of law that because one subscribes to a newspaper which is received at his house he has read a legal notice which is printed therein.

The mere publication of the notice was not sufficient to apprise plaintiff, or his agent, of the pendency of the bankruptcy proceeding.

It is true that knowledge of the agent may be imputed to the principal. (*Dight* v. *Chapman,* 44 Or. 265, 65 L. R. A. 793, 75 Pac. 585; *Bank of Wrightsville* v. *Four Seasons,* 21 Ga. App. 453, 94 S. E. 649.) But actual notice of some character is required. (Remington on Bankruptcy, sec. 3580.) Constructive notice will not suffice. The provision as to notice or actual knowledge of the proceedings in bankruptcy includes only those cases where there was personal notice or knowledge of the bankruptcy proceedings on part of the creditor. (*Lynch* v. *McKee* (Tex. Civ. App.), 214 S. W. 484; 3 R. C. L. 337.)

We have examined the cases cited by defendant's counsel to sustain their position that by the receipt of the paper plaintiff's agent must be held prima facie to have had notice of the bankruptcy proceeding, but none of them sustains that position. The mere receipt of a newspaper mailed out in the

ordinary course of business by the publisher, received in the mail-box of plaintiff's agent, is far from sufficient to make out a prima facie case that the agent read the paper and saw the referee's notice therein.

It follows that the defendant did not sustain his burden[1] of proof upon the issue that the plaintiff had notice or actual knowledge of the bankruptcy proceeding, and the judgment in favor of the defendants cannot be upheld. It follows also that upon the proof adduced the plaintiff was entitled to judg-ment.

The judgment is reversed, with direction to the district court of Stillwater county to enter judgment for the plaintiff.

*Reversed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.