MICHIGAN CONSOLIDATED GAS COMPANY *v.* WILSON.

1. BANKRUPTCY—UNSCHEDULED CREDITOR—DISCHARGE.
   A discharge in bankruptcy does not release the bankrupt from a debt which is not scheduled, unless the unscheduled creditor had notice or actual knowledge of the proceedings in bankruptcy (11 USC, § 35).

2. APPEAL AND ERROR—NONJURY CASE—FINDINGS OF FACT.
   Findings of fact by a trial judge in a nonjury case will not be set aside by the Court of Appeals unless clearly erroneous.

3. BANKRUPTCY—NOTICE TO CREDITOR—BURDEN OF PROOF—CONSTRUCTION OF STATUTE.
   The burden of proving that an unscheduled creditor had notice or actual knowledge of the proceedings in bankruptcy is upon the bankrupt asserting his discharge against such creditor and statutory requirement as to notice or knowledge of such creditor is strictly construed in favor of the creditor (11 USC, § 35).

4. SAME—NOTICE TO CREDITOR—PROOF.
   Notice of a proceeding in bankruptcy that was given to a corporate creditor whose claim was unscheduled in bankruptcy proceeding, must be proven to have been given to an agent of creditor authorized to accept such notice (11 USC, § 35).

5. SAME—NOTICE TO UNSCHEDULED CREDITOR—AGENCY.
   Defendant bankrupt, *held,* to have failed to carry burden of proof of notice to unscheduled corporate creditor when he testified that he called creditor, but did not identify agent to whom he talked or establish scope of agent's authority (11 USC, § 35).

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur 2d, Bankruptcy § 797 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3, 6] 9 Am Jur 2d, Bankruptcy § 798.
[4, 5] 9 Am Jur 2d, Bankruptcy § 799.

6. SAME—NOTICE—PUBLICATION IN NEWSPAPER—UNSCHEDULED CREDITOR.

.   Publication of information concerning bankruptcy in local newspaper is not in itself sufficient notice to an unscheduled creditor of the bankruptcy proceedings (11 USC, § 35).

Appeal from Common Pleas Court of Detroit; Vokes (David C.), J. Submitted Division 1 April 6, 1966, at Detroit. (Docket No. 1,312.) Decided September 13, 1966.

Declaration in 2 counts of assumpsit by Michigan Consolidated Gas Company against James E. Wilson. Judgment for plaintiff on first count and for defendant on second count. Plaintiff appeals from dismissal of second count. Reversed, and remanded for entry of judgment for plaintiff on second count.

*Barry L. King* (*Dyer, Meek, Ruegsegger & Bullard,* of counsel), for plaintiff.

*Gregory M. Pillon,* for defendant.

J. H. GILLIS, P. J. Plaintiff, Michigan Consolidated Gas Company, instituted suit in the common pleas court for the city of Detroit against the defendant, James E. Wilson, seeking recovery of $47.47 for gas furnished and $478.26 representing the unpaid balance on a refrigerator sold and delivered to the defendant in March of 1963. Prior to trial the defendant stipulated that the plaintiff was entitled to recover the $47.47. The trial court heard the case without a jury and dismissed the claim for the $478.26 on the basis it was discharged by the defendant's bankruptcy. From this decision plaintiff appealed.

At the commencement of the trial the parties made the following stipulations: (1) defendant admitted

the accuracy of the plaintiff's records, (2) plaintiff had made a prima facie case, (3) defendant filed a petition in bankruptcy in April of 1963, (4) plaintiff was not listed as a creditor in the bankruptcy petition, and (5) defendant abandoned all of his defenses except bankruptcy.

The applicable provision of the bankruptcy act, § 17 (Chap 575, § 17, 52 Stat 851, 11 USC § 35) provides:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts,  *  *  * except such as  *  *  *  have not been duly scheduled  *  *  * unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

The sole issue for our determination is whether the defendant had established by competent proof that the plaintiff had notice of the proceedings in bankruptcy.

The defendant testified that in May of 1963,[1] he called the plaintiff to have his gas shut off and told them to come pick up the refrigerator as he "planned on going bankruptcy." Again, on direct examination, his counsel questioned him as follows:

"Q. At the time that you talked to them, did you tell them that you had already filed bankruptcy?
"A. Yes, I did."

The defendant did not state to whom he spoke or which department he called. The only other evidence produced by the defendant to establish notice was the publishing of the bankruptcy in the Legal News.

The trial court made a finding of fact that the defendant had met the burden of establishing notice of bankruptcy and dismissed plaintiff's suit. Although it is true that a trial judge's "findings of

---

[1] Approximately one month after purchasing the refrigerator.

fact shall not be set aside unless clearly erroneous,"
GCR 1963, 517.1, we feel that in the present case
the trial court clearly erred.

The burden of establishing notice is upon the
bankrupt and "provision as to notice or knowledge
is construed with some strictness in favor of the
creditor, since it is for the benefit of the creditor
and in the interest of fair dealing with him." 9 Am
Jur 2d, Bankruptcy, § 798, p 599. The unscheduled
creditor in the present case is a corporation. In
order to establish notice to the corporation, it is
incumbent upon the bankrupt to prove notice was
given to an agent authorized to accept such notice.

"To affect the principal with notice, the agent's
knowledge must have been derived in the particular
transaction in hand  *  *  *  and something which
it was the agent's duty to communicate to his prin-
cipal; the whole doctrine of constructive notice rest-
ing on the ground of the existence of such a duty
on the part of the agent." *Katz* v. *Kowalsky* (1941),
296 Mich 164, 174 (134 ALR 179, 184).

The defendant failed to identify the agent or the
scope of his authority. The record fails to show
if the agent is a meter reader or a clerk in the billing
department, and we must speculate on whether the
person to whom the defendant spoke was authorized
to receive such notice. The defendant's failure to
prove authority constitutes a failure to meet the
burden imposed upon him to establish that the plain-
tiff corporation had notice of his bankruptcy.

Defendant also contends that publication of the
bankruptcy in the Legal News constitutes notice
to the plaintiff. The law is clear.

"Notice to a creditor whose claim is unscheduled
cannot be predicated by mere construction upon the
*  *  *  publication of a newspaper containing in-
formation as to the bankruptcy." 9 Am Jur 2d,

B'ankruptcy, § 799, p 599, citing *Ragsdale* v. *Bothman* (1928), 81 Mont 408 (263 P 972).

The defendant has failed to meet his burden of establishing notice. The judgment of the lower court is reversed and the cause remanded to enter a judgment for the plaintiff consistent with this opinion. Costs to appellant.

HOLBROOK and MCGREGOR, JJ., concurred.