AIRPORT MOTEL CORPORATION *v.* BURKE, BURKE,
RYAN & ROBERTS

1. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT.
    Finding of fact by a trial judge in a nonjury case will not be
    set aside by the Court of Appeals unless clearly erroneous (GCR
    1963, 517.1).

2. ATTORNEY AND CLIENT—FEES—CONTRACTS—CONDEMNATION PRO-
    CEEDINGS.
    Judgment of trial court that plaintiff corporation and defendant
    attorneys had provided for a "reasonable" attorneys' fee in
    addition to hourly rates and daily rates for days in trial of
    condemnation proceeding, where both parties agree no contin-
    gent fee contract was intended, *held*, proper, under record fail-
    ing to establish that the trial court erred; it appearing that
    trial in condemnation proceeding resulted in a total award
    of $69,444.48 more than the State had been willing to pay and
    defendant attorneys' bill was $18,250 (GCR 1963, 908).

Appeal from Washtenaw; McIntyre (Robert W.),
J., presiding. Submitted Division 2 May 31, 1966,
at Detroit. (Docket No. 1,197.) Decided September
27, 1966.

Complaint by Airport Motel Corporation, a Michi-
gan corporation, against Burke, Burke, Ryan &
Roberts, a law firm, and William G. Urquhart, an
attorney, to determine proper legal fee for con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[2] 7 Am Jur 2d, Attorneys at Law § 232 *et seq.*
    Amount of attorney's compensation in absence of contract or statute
    fixing amount. 56 ALR2d 13.

demnation proceedings. Judgment for defendants. Plaintiff appeals. Affirmed.

*Marvin E. Larivee, Jr.*, (*Nino E. Green*, of counsel), for plaintiff.

*DeVine & DeVine* (*Edmond F. DeVine*, of counsel), for defendants.

J. H. GILLIS, P. J.  GCR 1963, 908, proceeding[1] commenced by plaintiff, Airport Motel Corporation, against the defendant law firm of Burke, Burke, Ryan & Roberts and attorney William G. Urquhart. The trial court ruled that an attorney fee of $18,250 payable to defendants was fair and reasonable and that a judgment in the sum of $15,750 would enter against the plaintiff inasmuch as the defendants had received a retainer in the amount of $2,500 prior to the institution of this action.

Defendants were employed by plaintiff to represent it and Belle Harbor Estates, Inc., owners of 50% of plaintiff's stock, in respect to condemnation proceedings affecting lands owned by the plaintiff and Belle Harbor Estates, Inc. The State instituted condemnation proceedings against plaintiff and Belle Harbor Estates, Inc., and had maintained that plaintiff and Belle Harbor were not entitled to any compensation under the theory that benefits accruing to the remaining land after the taking would exceed the value of the land taken.[2]

---

[1] Attorneys and counselors are officers of the courts of this State and as such are subject to the summary jurisdiction of such courts. The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, to make any order for the payment of money or for the performance of any act by the attorney which law and justice may require. All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts. GCR 1963, 908.

[2] For an example of this theory, see *State Highway Commissioner* v. *Sabo* (1966), 4 Mich App 291.

Shortly after the condemnation trial commenced the Belle Harbor claim was settled for $3,427 including interest. There is no evidence that any proposal to settle the plaintiff's claim was made prior to trial. At the conclusion of condemnation proceedings judgment was rendered for the plaintiff in the amount of $66,017.48 including interest and costs, which added to the Belle Harbor recovery amounts to a total of $69,444.48. Subsequently, the defendants submitted their bill of $18,250 for services rendered.

The dispute over the attorney fee arises out of the terms of the oral employment contract. The parties agree that the defendants were to be compensated at the rate of $25 per hour for work out of court and $200 for each day in court and the amount due under these terms was $5,575. The defendants contend that in addition to these terms the plaintiff herein was advised that there would be an additional attorney fee. The plaintiff, however, contends that it was not advised of this additional provision and that even if it had been advised of this additional provision, it would conflict with their agreement that the case was not to be handled on a contingent fee basis. Defendants admit that they agreed the case was not to be handled on a contingent fee basis.

At trial expert testimony was presented which indicated that the customary contingent fee in the jurisdiction involved in condemnation proceedings was one-third of the increase obtained over the offering price. Using this formula in the instant case the contingent fee would be approximately $23,000. The trial court heard the witnesses and had a better opportunity than this Court to weigh the evidence. It is well established that a trial judge's finding of fact shall not be set aside unless clearly erroneous. GCR 1963, 517.1. *Michigan Consolidated Gas Company* v. *Wilson* (1966), 4 Mich App 188. This record

fails to establish that the trial court erred. There is no question that the plaintiff substantially benefited as a direct result of the defendants' efforts. They started with nothing and ended up with almost $70,000.

Judgment affirmed. Costs to appellees.

Fitzgerald and Quinn, JJ., concurred.