## BYARS v. SULLIVAN

1. AUTOMOBILES—NEGLIGENCE—APPEAL—SCOPE OF REVIEW.

Finding of trial court that defendant was negligent when he suddenly turned into the path of plaintiff's car, that the suddenness of defendant's action prevented plaintiff from avoiding a collision, and that defendant's negligence was the proximate cause of the accident *held*, not clearly erroneous where the evidence and reasonable inferences support the findings of fact and will not be disturbed on appeal (GCR 1963, 517.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 839.

2. SAME—NEGLIGENCE—LIABILITY AND CAUSATION—APPEAL—SCOPE
   OF REVIEW.

> Determination of liability and causation of automobile accident
> by trial court may not be disturbed on appeal if the record
> does not clearly preponderate against the determination of
> liability and causation.

Appeal from Wayne, Kennedy (Cornelia G.), J. Submitted Division 1 April 8, 1968, at Detroit. (Docket No. 4,376.)   Decided October 25, 1968.

Complaint by Alphonso Byars and Mary Byars against Ellis Sullivan, for damages resulting from automobile accident.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Louis Gordon,* for plaintiff.

*Rouse, Selby, Webber, Dickinson & Shaw,* for defendant.

PRATT, J.   This defendant-appealed judgment results from a nonjury trial of an automobile negligence case.   The accident occurred on April 9, 1965, at about 12:15 a.m. on Nevada street at its "T" intersection with Brinker street in the city of Detroit.

Nevada is an east-west thoroughfare and Brinker comes into Nevada from the north but does not completely intersect.   One block to the east is the Joseph Campau intersection, which is controlled by a traffic signal.   A block to the west is the "T" intersection with Anglin street which comes into Nevada from the south.   Nevada is approximately four lanes wide with only a center line demarcation and parking is allowed on the north and south along the curbs.

The trial court found that the plaintiff was proceeding westerly on Nevada near and along the centerline and that the defendant was also proceeding westerly near and along the curb. The trial court also found that the defendant, who had been driving very slowly waiting for other traffic to clear, preparatory to turning left onto Anglin, suddenly accelerated and turned into the path of plaintiff's vehicle. The impact occurred, the trial court found, approximately in the center of the Brinker intersection as extended and at a point approximately in the middle of the westbound lane of Nevada. Damage was to the front of plaintiff's vehicle and the left or driver's door of defendant's vehicle.

The trial court concluded that the defendant's entry into the path of plaintiff's vehicle was sudden and without proper observation and that defendant was guilty of negligence which was the proximate cause of the accident.

The trial court also concluded that the suddenness of defendant's action prevented the plaintiff from avoiding a collision and that the plaintiff was free from any contributory negligence which was the proximate cause of the accident.

Defendant in this appeal claims that the court erred in that there was not sufficient evidence to justify certain findings of fact made, in that there was not sufficient evidence to conclude that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, and erred in not finding under the evidence that the plaintiff was guilty of contributory negligence as a matter of law.

Each of defendant's claims of error is based on factual questions, as to findings originally, and as to inferences and interpretations which lead to the trial court's conclusions. It would be of no

measurable benefit to detail here the evidence adduced at trial.

GCR 1963, 517.1 provides:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

In applying this monition to the record in this case we do not consider the trial court's findings to be clearly erroneous. The evidence and reasonable inferences therefrom support those findings and we will not disturb them. *Tann* v. *Allied Van Lines, Inc.* (1966), 5 Mich App 309; *Airport Motel Corporation* v. *Burke, Burke, Ryan & Roberts* (1966), 4 Mich App 385; *Teachout* v. *Maiers* (1965), 2 Mich App 69.

On the basis of its findings of fact, the trial court decided the questions of liability and causation. Here, again, the scope of review is limited. As was said in *Kevreson* v. *Michigan Consolidated Gas Company* (1965), 374 Mich 465, 474:

"In short, had the responsibility for original determination of such factual issue been cast upon this Court rather than upon the trial judge, it is not unlikely that we might have agreed with defendant-appellant that plaintiffs did not sustain their affirmative burden.

"All this, however, departs from the appellate function. The trial judge, supported legally by testimony he had personally heard and seen delivered, concluded as above. We in turn have read only a sterile transcript of the pro and con testimony. In consequence the judge's conclusion, reached upon pivotal testimony believed by him, forecloses further appellate inquiry. There is no ground, withal, upon which we may say that the judge's findings and

therefore his judgment are contrary to the clear preponderance of the evidence."

We do not consider that the evidence in this record clearly preponderates against the trial court's determination of liability and causation.

The judgment is affirmed with costs to plaintiffs.

HOLBROOK, P. J., and LEVIN, J., concurred.